UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

REGINALD MCKENZIE,                )
                                  )
    Petitioner,                   )
                                  )
v.                                )    No.   1:14-CR-93-HSM-CHS-1
                                  )          1:16-CV-276-HSM
UNITED STATES OF AMERICA,         )
                                  )
    Respondent.                   )

**MEMORANDUM OPINION**

Pursuant to a written plea agreement, Reginald McKenzie ("Petitioner") pleaded guilty to conspiring to distribute 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and was sentenced to 10 years imprisonment followed by 5 years supervised release. He has now filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 37[1]] and Respondent has responded in opposition [Doc. 51]. For the reasons that follow, the Court finds an evidentiary hearing is not necessary, and the § 2255 Motion [Doc. 37] will be **DENIED.**

**I.    BACKGROUND**

On August 26, 2014, the Grand Jury for the Eastern District of Tennessee, Chattanooga Division, returned a six-count indictment against Petitioner [Doc. 1 p. 1-3]. Petitioner pleaded guilty to Count 1: conspiring to distribute 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Doc. 19 p. 1]. As part of the plea, Petitioner stipulated that he was subject to the mandatory minimum penalties and waived the right to file a § 2255 motion or collaterally

---

[1] All citations to the district court record are to the docket of the underlying criminal case.

attack "[his] conviction(s) and/or resulting sentence" except for "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* at 7]. In exchange for Petitioner's plea, the Government moved the Court to dismiss the remaining five counts in the indictment [*Id.*].

On June 29, 2015, Petitioner was sentenced to 10 years of imprisonment followed by 5 years of supervised release [Doc. 33 p.1]. On June 27, 2016, Petitioner filed a timely § 2255 motion [Doc. 37]. The Court appointed counsel to review Petitioner's motion to determine if any relief was available under *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 42]. After examination of the record, Petitioner's counsel advised the Court that "there does not appear to be any issue related to or arise from the *Johnson* case" [Doc. 46].

Thereafter, Respondent filed a response in opposition to Petitioner's § 2255 motion [Doc. 51]. This matter is now ripe for this Court's review.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; or that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley,* 512

U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations." (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

### III. PETITIONER'S ALLEGATIONS

Petitioner challenges the validity of this plea and the legality of his sentence [Doc. 37]. Specifically, Petitioner argues: (1) that the Government did not file and serve him with notice that he would face a 10-year minimum mandatory sentence prior to his pleading guilty; (2) that he received ineffective assistance of counsel in that counsel did not give him "the understanding of

the law as to a right to challenge this enhancement"; (3) that he is actually innocent so that the Court is without jurisdiction to enhance his sentence; (4) that counsel failed to challenge his Pre-Sentence Report; and (5) that as a result of the previous assertions his plea was not knowingly of voluntarily entered [Doc. 37].

Respondent responds in opposition, arguing that Petitioner's § 2255 motion rests upon "the flawed premise" that his sentence is unlawful [Doc. 51 p. 3]. Respondent asserts that the record will prove that Petitioner received no statutory or Guideline enhancements [*Id.*]. Rather, Respondent claims that Petitioner was sentenced to the lowest terms of imprisonment and supervised release authorized by law for the offense to which he pleaded guilty [*Id.*]. Accordingly, Respondent contends that the § 2255 motion should be denied because Petitioner's allegations are procedurally defaulted, waived, or otherwise unreviewable [*Id.*].

## IV. PROCEDURAL DEFAULT

Generally, a federal prisoner is procedurally barred from raising on collateral review a claim which he did not raise on direct appeal unless that claim is ineffective assistance of counsel under the Sixth Amendment. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). A procedurally-defaulted claim may be considered on collateral review if the petitioner can show (1) cause for failure to raise the claim on direct appeal and (2) actual prejudice resulting from the alleged violation. *Bousely*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698–700. If the petitioner fails to show cause, then it is not necessary to consider whether petitioner suffered prejudice. *Bousely*, 523 U.S. at 623. Ineffective assistance of counsel is considered "cause" for failure to raise an issue on direct appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (200); *Ratcliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993).

If the petitioner is unable to show cause and prejudice, he may still be able to obtain review of his claims if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice such as when he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622–23 (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)); *see also Peveler*, 269 F.3d at 698.

Here, Petitioner's allegations concerning his plea and sentence are procedurally defaulted because he could have raised them on direct appeal but did not. As stated, where an alleged error could have been asserted on direct appeal but was not, it is considered procedurally defaulted, and the petitioner must demonstrate both "cause" for his failure to previously raise the issue and "actual prejudice" resulting from his failure to present the claim on direct appeal. *United States v. Frady,* 456 U.S. 152 (1982). As cause, Petitioner has alleged ineffective assistance of counsel and actual innocence. Thus, the Court will address Petitioner's claims on the merits.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Ineffective assistance of counsel is a recognized constitutional violation that, when adequately shown, warrants relief under § 2255. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel raised pursuant to 28 U.S.C. § 2255. *Id.* at 687; *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). Under this test, to demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, "a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Id*. (citing *Strickland*, 466 U.S. at 687). The first prong of the *Strickland* test requires a petitioner to show his attorney' performance was deficient by demonstrating that counsel's "representation fell below an objective standard of

reasonableness." *Strickland*, 466 U.S. at 688. Stated another way, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687. The Supreme Court "has declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Huff*, 734 F.3d at 606 (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). A reviewing court must be "highly deferential" to counsel's performance, because

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound . . . strategy."

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Even if a petitioner is successful in overcoming that presumption, he must still satisfy the second prong of the *Strickland* test, *i.e.*, prejudice. Thus, a petitioner must show not only that his counsel's representation was objectively unreasonable, but also that he was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson v. United States*, 675 F.3d 553, 563 (6th Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

Although the *Strickland* Court emphasized that both prongs must be established in order for the petitioner to meet his burden, it held there is no reason for a court deciding an ineffective-assistance claim to approach the inquiry in the same order or even to address both components of the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

In this case, Petitioner was not subjected to any Guideline enhancements. Petitioner's sentence was the result of the statutory mandatory minimum sentence required for the count to which he pled guilty. Specifically, Petitioner received the mandatory statutory minimum sentence of 10 years, as required by 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Respondent argues that Petitioner mistakenly believes that the "statutory mandatory sentence is 5 to 40 [years] at [the] low end of [his] sentence" and that "this Court enhance[d] [his sentence] to 10 [years] without the strict requirement to serve notice before [a] plea hearing." [Doc. 51 p. 5]. However, Petitioner's conviction of conspiracy to distribute five kilograms or more of cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment. . ." 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Based on Petitioner's guilty plea, the trial court correctly imposed the statutory mandatory minimum sentence. This 10-year mandatory minimum penalty is set by the statute of conviction and is not discretionary.

Thus, contrary to Petitioner's contention, he was not subject to any Guideline enhancements and he was not sentenced above the maximum authorized by his convictions. Therefore, there was no reason for his counsel to challenge an enhancement or to educate Petitioner as to the right to challenge an enhancement. Moreover, Petitioner stipulated, before pleading guilty, that he was aware of the penalty of his offense [Doc 19, p. 1 ("agreeing to "imprisonment of not less than 10 years and not more than Life")]. Counsel was not ineffective for failing to make an argument that lacked any merit. *See Smith v. Bradshaw*, 591 F. 3d 517, 527 (6th Cir. 2010). Accordingly, Petitioner is not entitled to relief on claims 1, 2, 4, and 5.

## VI. Actual Innocence

The standard for actual innocence claims is high: to demonstrate actual innocence, a petitioner must demonstrate that "in light of all the evidence, 'it is more likely than not that no

reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). In *Bousley*, the Supreme Court emphasized that "actual innocence means factual innocence, not mere legal insufficiency." *Id*.

Here, Petitioner claims to be actually innocent of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). However, there is no evidence in the record that Petitioner is actually innocent of the that offense. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Tribble v. United States*, No. 1:05-CR-33, 2010 WL 2572041, at *9 (E.D. Tenn. June 21, 2010) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Moreover, it is evident from Petitioner's failure to object to the specific facts contained in the Presentence Report and plea-agreement that a reasonable jury could have found him guilty of conspiracy to distribute five kilograms or more of cocaine. The signed plea-agreement proffered the following statement of facts:

a) On July 2, 2014, the Chattanooga Police Department ("CPD") Narcotics Unit executed a Search Warrant on the residence of the defendant which was in East Ridge, Tennessee.

b) The investigation of the defendant began in April 2014, when a confidential informant ("CI") provided information to CPD Detective Lee Wolff and Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Task Force Officer ("TFO") Phillip Narramore that the defendant was dealing crack cocaine. Detective Wolff and TFO Narramore then began to corroborate as much of the CI's information as possible.

c) On June 27, 2014, Detective obtained a Search Warrant for the defendant's residence and executed it on July 2, 2014. As the officers were making entry into the residence the defendant tried to flee out of the rear of the residence. CPD stopped the defendant and found him in possession of approximately 188.7 grams of powder cocaine and $504 in cash.

d) A search of the kitchen produced 85.1 grams of crack cocaine along with digital scales, plastic baggies, baking soda and a Pyro-dex dish. In the dining room there was a Taurus, Model:PT92AFS, 9mm caliber, pistol which was loaded

with 15 rounds of ammunition, lying on the dining room table. On a shelf in the master bedroom closet, East Ridge Police Detective Josh Creel found a Taurus, Model: The Judge, .45 Long Colt/.410 gauge, revolver which was loaded. Detective Creel also found $5980.00 in cash in the closet.

e) CPD advised the defendant of his *Miranda* rights, and he waived them. The defendant named his cocaine source in Atlanta, Georgia. The defendant admitted to getting nine ounces of powder cocaine every two weeks and then converting it into crack cocaine himself. The defendant further stated he bough the guns off the street because he needed them for protection because the Rollin 60s Street Gang was threatening to rob him.

f) On August 14, 2014, CPD Detectives conducted a controlled purchase of crack cocaine form the defendant. When the transaction was over, the detectives followed the defendant back to the Guest House Inn in Chattanooga, Tennessee. The detectives observed the defendant go into room #204.

g) The detectives then observed the defendant leave the room and drive to the Bi-Lo grocery store located at Shallowford Road and Lee Highway in Chattanooga. There, the detectives observed the defendant conduct what appeared to be a drug transaction. The detectives then followed the defendant back to the hotel parking lot. Detective Lee Wolff approached the defendant and asked for consent to search the defendant's room. The defendant consented to search the defendant's room. The defendant consented to the search and signed a Consent to Search form for the room and his vehicle.

h) Inside of the room the detectives found a total of $4601.00 in cash, which included $400.00 of currency which had previously been marked as official funds and used to buy cocaine from the defendant. Also, in the room was approximately 100 grams of Marijuana, 16.2 grams of powder cocaine and paraphernalia used to convert powder cocaine to crack cocaine.

i) A search of the defendant's vehicle revealed approximately 2.3 grams of crack cocaine and paraphernalia to make crack cocaine. The defendant also had $319.00 in his pants pocket.

j) The defendant admits that he conspired with others to distribute five kilograms or more of cocaine and that he knowingly possessed firearms in furtherance of his drug trafficking crimes.

[Doc. 19 p. 2-4].

Petitioner pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, and indicated that he did so because he was, in fact, guilty [Doc. 19]. Petitioner's compliance with

the Presentence Report and plea-agreement show that he understood the Government's case against him, agreed with the Government's summary of what he had done, and understood the elements of the offense and the sentence it carried. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In the absence of any evidence to the contrary, a reasonable jury could have convicted Petitioner for the offense of which he now claims to be actually innocent. Accordingly, Petitioner is not entitled to relief on claim 3.

## VII. CONCLUSION

For the reasons set forth herein, the Court finds no evidentiary hearing is needed and Petitioner's § 2255 motion [Doc. 37] will be **DENIED**.

## VIII. CERTIFICATE OF APPEALABILITY

The Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves his otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a Certificate of Appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER.

      */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE